# Cobb Chocolate Co. v. Alfred Knudson, by His Next Friend.

1. PRACTICE—*Rule Limiting Number of Instructions Unreasonable.*—A hard and fast rule that instructions shall be limited to a given number is unreasonable.

2. SAME—*Where Limiting Number of Instructions is Not Reversible Error.*—Where the instructions, not received because they were in excess of the number set by the court as a limit, are but repetitions of others given, the error in limiting the number of instructions is not ground for reversal.

3. SAME—*Where Limiting the Arguments to Thirty Minutes is Not an Abuse of Discretion.*—Where in an injury case the evidence is brief and the issues plain and no specific injury arising out of a limitation of the arguments to thirty minutes, is pointed out, the court can not be held to have abused the discretion vested in him as presiding judge.

4. INSTRUCTIONS—*Giving of an Instruction by the Court After Having Written on it the Reasons for Refusing it, and Drawing a Line Through Them, is Not Error.*—The court made certain changes in an instruction and wrote upon the margin the sentence, " Refused as ignoring the specific proof of specific orders to do the work in question, and for other reasons," and then ran his pen through all these words leaving them plainly visible, and gave it to the jury. *Held*, not error.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed May 7, 1903.

HENRY B. BALE and COX, HELDMAN & SHORTLE, attorneys for appellant.

E. S. CUMMINGS, attorney for appellee.

The trial court may, in its discretion, place a limit upon the number of instructions it shall consider. Chicago & Alton Railroad Company v. Kelley, 25 Ill. App. 17; Chicago City Railway Company v. Sandusky, 99 Ill. App. 164.

The practice of giving a large number of instructions is condemned. La Salle County Carbon Coal Company v. Eastman, 99 Ill. App. 495; Indiana & Illinois Southern Railway Company v. Wilson, 77 Ill. App. 603.

It is not reversible error to strike out parts of instruc-

tions, leaving the portions stricken out so legible that they may be read by the jury. Union Railway Transit Company v. Kallaher, 114 Ill. 325; West Chicago Street Railroad Company v. Dedloff, 92 Ill. App. 547.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

This is an action for personal injuries which appellee alleges he sustained September 15, 1899. At the time he was injured appellee, then seventeen years of age, was working in the factory of appellant upon a machine used in the manufacture of chocolate. This machine consisted of three rollers set in an iron frame. These rollers revolved from eleven to twenty-two times a minute. While at work appellee stood to the west of the machine. To the south of the rollers and upon the same shaft, but distant from seven and one-half to twenty-three inches from the rollers, were cog-wheels. The machine, including the cog-wheels, was started and stopped by means of a shifter within reach of the operator. The work there being done by appellee was to feed the chocolate, in the form of a paste, into the hopper of the machine, from which it passed down between the rollers. Sometimes this paste would run out over the ends of the rollers. It was then the duty of the operator to gather it up with a knife and to put it back in the hopper. Appellee had been in the employ of appellant from ten days to two weeks before the accident. His duties were general, including the running of this machine when requested.

There is evidence tending to prove that upon the day of the accident the foreman came to the machine, which appellee was then operating, and standing near by, ordered him to wipe off the spots near the cog-wheels, saying, " Clean it right there and wipe off that there," pointing to the spots to be removed; and that in obeying this order the waste appellee was using was caught by the cogs and his hand was thereby drawn between them and injured. This evidence is denied by the foreman, who says that he told appellee to clean the rollers and then turned away, giving

his attention to other matters. There is other evidence tending to support the testimony of each of these witnesses. It is the duty of the jury to reconcile contradictory evidence if they can, and if they can not, it is their duty to reject that evidence which in their judgment is unworthy of belief, and to find their verdict upon that which remains. When there is conflicting evidence, and yet the jury have found a verdict, an appellate tribunal will not set that verdict aside, if the case contains evidence which, if believed by the jury, clearly sustains it. The jury saw and heard the witnesses. It was peculiarly their province to pass upon questions of fact. An examination of this record convinces us that we ought not to disturb this verdict upon the merits.

The trial judge, immediately after the jury was sworn, entered an order to the effect that the number of instructions to be given is limited to fifteen on each side; and "that no instruction in excess of that number will be received or examined by the court, or given to the jury." Appellant contends that the court was without power to limit the number of instructions to be tendered by it and to be examined by the court and to be marked "given" or "refused."

It appears that three instructions were tendered by appellant, which the court marked "not received." They were not otherwise marked, nor were they given to the jury.

The practice of giving an unnecessarily large number of instructions has been condemned by our courts, but a hard and fast rule that instructions shall be limited to a given number is regarded as unreasonable. Chicago City Ry. Co. v. Sandusky, 198 Ill. 405. The court, however, may refuse instructions which are but repetitions of others given, and thus the number of instructions may be restricted to the propositions of law really involved in the case. We have examined the three instructions marked "not received," and we find that the substance of each of them is contained in one or more of the instructions given. For this reason the error of the court in limiting the number of instructions is not ground for reversal.

Cobb Chocolate Co. v. Knudson.

In instruction No. 7 as presented by appellant, after the phrase, " or remove such danger or risk," the court inserted the words, "and without any special orders from defendant's foreman to do the work in question and in the doing of which the accident happened to the plaintiff;" and wrote upon the margin thereof the sentence, " refused as ignoring specific proof of specific orders to do the work in question, and for other reasons;" and then ran his pen through all these words, leaving them plainly visible, and writing at the end of the instruction, "insertions and erasures by the court;" and then marked the instruction "given," and gave it to the jury. Appellant claims that this is reversible error because it gave special prominence to particular evidence and informed the jury of the opinion of the court in relation thereto. We are not of this opinion. The jury must be credited with common discernment and common honesty. They could not help but see from the erasures that the court had changed his mind as to the propriety of the inset and as to the side notation. He had further called their attention to the fact that the additions and erasures were done by the court. To assert that they did not understand these things is to doubt their common sense, and to aver that they considered these erased words in arriving at their verdict, is to assail their common honesty.

The court limited appellant's instructions Nos. 3 and 9 to the second count of the declaration. In this there was no error. The second count charged that the cog-wheels were unprotected and unguarded, and that appellant had neglected to protect and guard them. Each of these instructions is based upon the proposition that these cog-wheels were " wholly unprotected and unguarded." In limiting them to the only count to which they were applicable, the court did not mislead the jury.

We have carefully considered the other instructions " refused" and "given," in regard to which complaint is severally made, and do not find in the action of the court as to any of them that reversible error was committed.

The court limited the arguments to thirty minutes upon

each side.    The time seems short in which to argue an injury case, but the evidence was brief and the issue plain. No specific injury arising out of this limitation is pointed out.    We can not say that in this regard the court abused the discretion which is vested in him as presiding judge.

Complaint is made that the court admitted improper evidence over objections, and refused to admit competent evidence offered by appellant.    To go over each item would unduly extend this opinion.    Sufficient to say that we have examined each item complained of, and are satisfied that no one of them shows substantial error.

Appellant contends that the court erred in overruling the motion for continuance, based upon the absence of one Collins, who was superintendent of appellant at the time of the injury.    After setting forth what Collins would testify to if present, the affidavit states that some time after the accident he went to Philadelphia, and when written to come to the trial, he refused, which fact was not known to appellant until April 24, 1902; that the next day Mr. Cox, the chief counsel for appellant, was taken sick and did not recover until March 4, 1902.    The case was called for trial March 12, 1902, at which time this motion was made.    In the interval from April 24th to March 12th no effort was made by appellant to take the deposition of Collins, nor to postpone the hearing before the case was called for trial.    Appellant did not show that degree of diligence which entitled it to a continuance.    Upon learning that the witness would not be present, had appellant at once given notice to opposing counsel that they would take the deposition of Collins in Philadelphia, a very different case would be presented.    Under the circumstances it was not reversible error to deny the motion.

The whole case being considered, we are of the opinion that the judgment of the Superior Court must be, and it is, affirmed.